May it please the court, Mr. Bluestone. I represent Mr. Rose, who is appealing a district court opinion related to his 924C conviction. This is the only issue where the 924C stands. As we know, 924C is convicted of using a gun in connection with a crime of violence. The issue raised and the issue being talked about today is whether it was a crime of violence on the U.S. v. Taylor. While Mr. Rose's initial success of habeas was brought under U.S. v. Davis, while Davis was being litigated, U.S. v. Taylor came down. I want to talk about the felony he was convicted of here, which was attempting to kill a person to prevent testimony in an official proceeding. It doesn't stand. The 924C doesn't stand. Does your argument though, and maybe it doesn't matter, but does it eliminate all attempts because of the language in Taylor when they talk about an attempt is a substantial step plus the intent to commit the crime? Is your position really a broad one that really an attempt under that theory cannot be a crime of violence, cannot have as an element the attempted use of force? I anticipated that question. I didn't expect it to come so soon. No. I think if you look at Taylor, first of all, the answer is no. When we read Taylor, Justice Gorsuch puts out an analysis, right? You look at attempt, you look at substantial step. So it's going to depend what the lowest, and I use lowest as the minimum form of conduct you need to be convicted of a substantial step. So I think it's going to be a case-by-case analysis. I'm not arguing and do not believe under Taylor that all attempts are gone. It's going to depend what the substantial step is. Some crimes like, I think it's sexual assault crimes, I think the attempt will have to involve some sort of use of force. So I don't think it takes them all out. Because if you think, if you pull back and just say, okay, is this conviction of your client, prior conviction, crime of violence, is it involved in intent, and I understand it's element, but the attempted use of force, and this is the attempt to kill, those seem to be a match, right? Because killing, I think it's, it doesn't say murder, it says kill, but I think that our case law is pretty clear that in order to effectuate that result, you would need force. So this is hard to conceptualize because those seem like a match until you insert the idea of a substantial step. Yeah, I think it's a distinction without a difference. Because when we dig in, when we look at Taylor, Justice Gorsuch applies an analysis. He doesn't do, I call it, when we talk about murder, and I know there's a line of cases that support what you're saying, but they all ignore the analysis. The analysis is, is there intent, which obviously we wouldn't be here if there wasn't an intent, and a substantial step, and what conduct constitutes a substantial step, and Taylor says that. And so the fact that the end result, as in murder, requires use of force, Taylor says you still do the analysis. So I cited Castile District Court opinion, which it's interesting because the, in Taylor, Justice Gorsuch gives a hypothetical. The hypothetical in Taylor is that the person intends to commit a robbery, writes a note that Justice Gorsuch says is a bluff, but he's turned in before he gets anything done. He gets to the bank and stops. Castile's pretty much the same fact situation that Castile's locked up, so he has no ability on his own to use force. He enlists somebody on the outside, they make plans, you know, he says do this, do that to kill this witness. The person he's communicating with is a cooperator, so nothing happens beyond the communication between the two. Now, that seems to be as close as one can get to the Taylor hypothetical. The defense at the district court level in front of Judge Pratt raised the issue that this isn't sufficient evidence for basically the same arguments we're using here. You know, there's no use of force, there's no threat of force. Judge Pratt rules, and nobody takes it up because everybody accepts it, Judge Pratt rules that that bench, you can be convicted of attempting to kill a witness under that fact pattern. That's a substantial step. Are you talking about Castile now? Yes. Yeah. Which, I mean, it's contrary to Linares, which cited our people's case. It seems to me Castile is not, certainly not governing and seems not to be persuasive in light of our authorities. Well, I think, I disagree with the authorities. I mean, that's what we said. I think you have to. Because the authorities don't use the Taylor analysis. The authorities do a straight line since murder requires use of force. Any attempt, as long as you find a substantial step, that's use of force. That's what Linares says, that's what people says. I think there's five, six, seven cases that say that. However, none of those cases, and I think Linares is the best example. Linares doesn't use the Taylor analysis. At some point, the cases took the turn when they interpreted Taylor that since this is an attempt to threaten everyone, all those cases, Linares is real clear. Taylor is distinguished because this is an attempt to threaten. The attempt, Hobbs Act, convictions was, you know, included an attempt to threaten. Attempt to commit murder includes force. So they use that analysis and they belie the Taylor analysis. Find intent and see what the substantial step, look at the charge in its lowest form, you know, the lowest form of conduct. I don't know what courts you're talking about. Aren't there, I mean, people, I thought the other circuits are, you're against the other circuits, I hear. Yes. So what cases are you talking about that do the Taylor analysis correctly? Taylor. Other than that, these other courts don't do it correctly. So your declaration of the Taylor analysis is apparently controversial, at least. Well, it's taken from Taylor. Yeah, but you, okay. I'm not making it up. So, I mean, I got it from Taylor. Well, there are a lot of Supreme Court decisions that require, are controversial. Yes. How they're interpreted. Yeah. And here, you know, you're, you want us to, you want us to create a conflict in the circuits. And get the Supreme Court to say, your view of the Taylor analysis is their view of the Taylor analysis. Well, I'm, simply put, I'm saying look at the Taylor analysis that these other circuits didn't, at the risk of repeating, the other court said, since murder requires a use of force, we're done. Any attempt to murder is a crime of violence. Taylor says, that's the categorical approach. Taylor didn't invent it. Taylor follows Borden. You know, we've had, we've been living with the categorical approach for a while now. So, they said, apply the categorical approach in every circumstance, intent. So, look at the intent, and you look at the substantial step requires under Taylor. That's nothing new, Judge. I've eaten up all my time. Thank you. Mr. Bluestone. Good morning, and may it please the court. Zach Bluestone for the United States. While the categorical approach has certainly led to some odd results over the years, it's hard to believe that we're here debating whether attempted murder qualifies as a crime of violence. In challenging this predicate, Mr. Rose relies on Davis and Taylor, two decisions premised on a strict fidelity to the text. And yet, that's implicitly what Mr. Rose. You're talking too fast for me. I lost key words in that last sentence. I'll slow down, Your Honor. Apologies. Mr. Rose relies on Davis and Taylor, as Mr. Curran just explained. Well, Davis not much anymore. I don't think. That's what gets him off to the races. And then, yes, he's pivoted to the Taylor decision. Both of those decisions. Do you think the Davis argument is made on appeal? Well, I think it's implicit in his argument on appeal because it invalidated the residual clause. That's what allowed Mr. Rose to bring this argument into first place. The case law has changed following Davis and Taylor that has clarified the interpretation of the force clause. And so, while it is a bit of an odd procedural posture to be in where the original claim was Davis and it's now informed by Taylor. All you're doing up here is making what I thought was a straightforward one-issue case. All of a sudden, we've got to go to two, three. We've got to write two, three of different opinions. Well, Your Honor, I believe it's still. The Davis case, the plan that are superseded by Taylor because they were likely to lose on the Davis. I would agree with that, Your Honor. All right. So, why do we have to write a Davis opinion? Well, the court has to address Davis because that was the original claim. No. We have to address the statement of issues on appeal. And Mr. Rose argued. The statement of issues cites Taylor, Holder, and Castile. We don't have to discuss anything other than what's in the statement of issues. Read the Federal Rules of Appellate Procedure. The statement of issues argues that the district court erred in concluding that this predicate offense was a crime of violence. So, that is the precise issue that the court has to resolve today. All right. I would agree with Your Honor that this is a simple, straightforward. Why don't you just respond to the argument made this morning? Talking about the Taylor analysis and the six to one potential split in the circuits. I would go back to Davis, even though that's the history. And Davis made you get involved in this. I think both of those decisions together emphasize the text. That was the only point that I was trying to make. And the reason why the government was not successful in either of those cases is that it ignored the text. I just lost those last words. You keep fading out. The reason why the government lost those two cases before the Supreme Court is because it was not looking at the text. And I think that's what Mr. Curran's argument is premised on.  Davis and Taylor. That was the reason. I was just explaining the reason why I mentioned the Davis case. Looking at both those, or just at Taylor, if that's preferable. The text is very important. And I think that Mr. Curran's sidesteps. Could you tell me why this statute is different from the Hobbs Act? Maybe that would help. Sure, Your Honor. That would get to the point. So the Hobbs Act can be accomplished by threats. And where that was overbroad is that the attempt to threaten an offense falls outside of the force clause. The force clause allows for a predicate to qualify if it requires the use of force, the attempted use of force, or the threatened use of force. It does not allow for predicates to qualify based on the attempted threatened use of force. And that was what the Taylor court focused on in its analysis. And it was limited to offenses that can be accomplished in that way. Attempted murder here involving witness tampering cannot be accomplished by an attempted threat or even a threat. So it is categorically different than Hobbs Act robbery and other threat offenses. And that's been the focus of all six circuits that have addressed this issue have distinguished Taylor on that basis. What do you do about the definition that, you're right, I appreciate the distinction in the Hobbs Act language, but here for a crime of violence it has as an element. And what work is that doing? Because I, again, as I was talking with opposing counsel, I get it. That here you have the murder or the killing is an act of force, requires an act of force. And so it seems like that's an attempt to use force. But the statute says has as an element. And so what, if you actually look at, say, a set of jury instructions that would go to a jury on an attempted murder for the purpose of here, wouldn't it be a substantial step plus the intent to kill? Yes, Your Honor. So where would the element that the jury would have to find in that example, where is the element that is the use, attempted use or threatened use of force? So for attempt offenses, although the Taylor court didn't quite get into this, the government would have to prove the intent to commit every element of the offense, of the underlying offense, plus a substantial step. Right. And I may be way off here, but the Taylor case does talk about an intent is just that, an intent. And, again, I appreciate the distinction with the Hobbs Act language. I'm trying to grapple with that part of it. If the jury never has to find anything more than an intent to commit this crime, or this act of force, plus a substantial step, is that enough? Is there an element of the use or attempted use of force in there? There is. That's attempted use of force. So what about the intent? Again, they don't have to find one. It's just that he has to say, this is what I want to do. Correct. But I think as you were asking in your questions to Mr. Curran earlier, the two collapse. And this tracks exactly on what this court found in Peoples, which is why it's still valid precedent even following Taylor. As the court said, it's impossible to cause death without force. So attempting to cause death requires at least the attempted use of force. That's the court's own language. I mean, that makes sense. That makes sense. But I'm just trying to get into the context of elements and substantial steps and intent and whether that changes anything. Because what you're saying makes sense. An attempted use of force, attempted to kill, those seem like the same thing. But to your point, as you started, text matters. And I'm looking at the text of the 924C3. What's that word element doing? And what does the substantial step doing in sort of the way we look at an attempt? The element is incorporated into the intent, as we were discussing earlier. Because for the government to win a conviction, the government would have to prove beyond a reasonable doubt that the defendant intended to accomplish every step. So the intent is not doing so much work there. You would have to prove. So to your position, to prove the intent to do A, B, and C, that's an element. Correct. Okay. Correct. And the Taylor court did discuss that. It imported the elements of Hobbs Act robbery into the intent discussion. But it didn't really focus on them because the analogy collapsed. And this gets into the syllogism, why the government's position. And Taylor ultimately was unsuccessful. The government went into that case arguing that if there's a crime of violence and you attempt to commit it, it necessarily itself is a crime of violence. That fell apart with the Hobbs Act robbery because of the attempt to threaten force. That was overbroad. But it was really limited to offenses that can be accomplished in that way. And I'd like to get back to the point that you made in the opening, that reading it another way would effectively, I don't see any way to square that with the attempted use of force in the force clause. And if the court were to conclude the opposite is true, it would read out nearly every federal attempt offense. So if you came to the contrary conclusion, the attempt portion of the force clause would not be doing work anymore. And the Seventh Circuit and states analyzed that in great detail, pointing out that I believe there was only one federal statute that they identified, the federal hate crime statute, that has as an element the attempted use of force. And there are effectively no others. So I think based on principles of statutory construction, the surplusage canon, if the court is getting into that, I would just take a look at the state's opinion because it does set out why that analysis would not make any sense. I see that my time has nearly expired. I would just ask that the court affirm the denial of Mr. Rose's post-conviction challenge. Thank you. Thank you. We'll give you a minute for rebuttal if you'd like. Thank you. We're not raising this issue on Davis. We're not asking for any writing on Davis. This is a Taylor issue. I understand why the government brought it up because it began as a Davis issue. Well, it's in the procedural history. Yeah, yeah. It's not very relevant, but that's what I understood. I agree. Taylor is real clear, as Judge Kelly pointed out, there must be a finding beyond, a call for a finding beyond a reasonable doubt that force or the attempt for use of force was used. When we look at the second step in attempts for the substantial step, Taylor said that wasn't sufficient. That finding wasn't sufficient. We have the same thing here with the attempt to kill a witness, same situation. Doesn't call for finding beyond a reasonable doubt, a use of force. I ask that you overrule the decision at district court. Thank you. Thank you. Thank you. Thank you, counsel. The argument has helped clarify a case with complex history. And it's an issue, it's at least a tricky, I'd say difficult issue to figure out where Taylor fits in the grand scheme of things. And we'll take it under advisement and do our best. Thank you.